Youssef BELLOUZI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–74348.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 2006.

Decided March 23, 2006.

Rochelle A. Nwadibia, Privitera and Nwadibia, San Francisco, CA, for Petitioner.

Susan Houser, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Petitioner Youssef Bellouzi, a native and citizen of Morroco, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from an Immigration Judge's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture. He also alleges that the IJ violated his due process rights in disallowing the testimony of three of his witnesses. We deny the petition.

Substantial evidence supports the IJ's finding that Bellouzi did not suffer past persecution on account of his failure to

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

observe Ramadan. An applicant claiming asylum based on past persecution must prove that he suffered mistreatment that (1) rose to the level of persecution; (2) was on account of a protected ground (race, religion, nationality, membership in a particular social group, or political opinion); and (3) was committed by the government or by forces that the government is unwilling or unable to control. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1074 (9th Cir. 2004) (citation omitted). At most, Bellouzi suffered discrimination and harassment not rising to the level of persecution, at the hands of private actors whom Bellouzi did not prove the government was unwilling or unable to control.

 Substantial evidence supports the IJ's finding that Bellouzi did not have a well-founded fear of future persecution on account of his subsequent conversion to Christianity. An applicant claiming asylum based on a well-founded fear of future persecution must prove that he subjectively and objectively feared persecution upon return to the country of removal. *Korablina v. I.N.S.,* 158 F.3d 1038, 1044 (9th Cir.1998). Although Bellouzi testified genuinely to his subjective fear of being killed upon his return to Morocco for having converted to Christianity, the IJ relied upon substantial evidence contained in the State Department's 2001 Country Report on Human Rights Practices: Morocco and the International Religious Freedom Report: Morocco to conclude that the professed fear lacked an objective basis. Additionally, Bellouzi presented no evidence that relocation to another area of Morocco, such as Casablanca or Rabat, would be unsafe or unreasonable. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1069 (9th Cir. 2003).

Because Bellouzi failed to establish his eligibility for asylum, he necessarily failed to establish his eligibility for withholding of removal. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

Substantial evidence supports the IJ's denial of relief under the Convention Against Torture, because Bellouzi testified that he had never been tortured in Morocco and presented no evidence that he would be subject to torture in the future.

The IJ did not violate Bellouzi's due process rights by not accepting his witnesses' testimony. The proposed testimony would have been merely corroborative of Bellouzi's own testimony. *See Baballah,* 367 F.3d at 1075 n. 8. Because the BIA treated Bellouzi's testimony as credible, the church members' testimony as to the fact of his conversion to Christianity and his father's testimony as proffered would have been cumulative.

**PETITION DENIED.**